IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:12CR14 |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| PHILLIP FIGURES, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's objection, Filing No. 29, to the Findings and Recommendation ("F&R") of the magistrate judge, Filing No. 26, F&R; Filing No. 28, Transcript ("Tr.") at 58-66, recommending denial of the defendant's motion to suppress, Filing No. 13. The defendant has been charged with possession with intent to distribute crack cocaine and forfeiture of $729 in United States currency. Filing No. 1, Indictment. He moves to suppress evidence recovered in the search of a vehicle and his person, as well as statements made to police officers on September 24, 2011. He argues he was arrested without probable cause, any statements were made in violation of his *Miranda* rights, the search of the vehicle was not incidental to lawful arrest, and the seizure of his cell phone was a violation of the Fourth Amendment.

The magistrate judge held an evidentiary hearing on March 27, 2012. Filing No. 28, Tr. Pursuant to 28 U.S.C. § 636(b), the court has conducted a de novo review of those portions of the report or recommendations to which defendant objects. *United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003). The court has reviewed the entire record including the transcript of the suppression hearing. The court accepts the facts set out in

the F&R and they need not be repeated here, except to the extent necessary to this court's findings.

Briefly, the magistrate judge credited the testimony of Omaha Police Officers Mike Sundermeier and Chris Brown. Filing No. 28, Tr. at 58. The officers testified that on September 24, 2011, at approximately 12:16 a.m., they observed two black males standing near black Dodge Charger in an area of gang activity. *Id*. Officer Sundermeier testified the defendant walked into the yard of a house with a "For Sale" sign in the front yard. *Id.* at 59. The officers then observed the defendant drop certain items, later found to be a cell phone and a car key or fob, in a brush pile. *Id.* at 7. The defendant was then asked to stop and was patted down by Officer Sundermeier. *Id.* Officer Sundermeier detected an object in the defendant's pocket and asked what it was. *Id.* Figures took it out and threw it on the ground. *Id.* Officer Sundermeier testified he believed the item to be a K2 product, resembling incense. *Id.* The defendant was then handcuffed and searched and over $700 in cash was found on his person. *Id.* at 9. The officer pressed the unlock button on the key fob and the lights on the Dodge Charger flashed and the doors unlocked. *Id.* The defendant denied that he was the owner of the keys, the cell phone, and subsequently, the vehicle. *Id.* at 28.

The magistrate judge found the officers first approached the defendant as part of a voluntary or consensual encounter, but that once the officers observed the defendant discarding items, they had a reasonable articulable suspicion that criminal activity was afoot. *Id.* at 61. The discovery of a substance believed to be K2 in the defendant's pocket provided probable cause for arrest. *Id.* at 62. The magistrate judge further found that the

cell phone and keys were abandoned when the defendant threw them on the ground. *Id.* The defendant then denied ownership or knowledge of ownership of the vehicle. *Id.*

The court has reviewed the record, including the transcript of the hearing. For the reasons set forth below, the court finds defendant's objections to the magistrate judge's recommendation should be overruled and the motion to suppress should be denied.

The court agrees with the magistrate judge that the officers' observation of the defendant throwing items in a pile of brush, late at night and in an area of known gang activity, furnished a reasonable articulable suspicion of criminal activity. The existence of reasonable, articulable suspicion is determined by the totality of the circumstances, taking into account an officer's deductions and rational inferences resulting from relevant training and experience. *United States v. Horton*, 611 F.3d 936, 940 (8th Cir. 2010). Further, the evidence supports the magistrate judge's finding that the defendant had no reasonable expectation of privacy in the objects he abandoned and disclaimed. "Any expectation of privacy in property 'is forfeited upon its abandonment.'" *United States v. Voice*, 622 F.3d 870, 878 n.3 (8th Cir. 2010) (quoting *United States v. Tugwell*, 125 F.3d 600, 602 (8th Cir. 1997)). Whether property has been abandoned is a question of fact that turns primarily on whether the objective facts available to the investigating officers evidenced (i) the suspect's denial of ownership, and (ii) that he physically relinquished the property in a way that demonstrated abandonment. *Voice*, 622 F.3d at 878 n.3. Moreover, the Eighth Circuit Court of Appeals has recently held that officers do not violate the Fourth Amendment by "[p]ressing the alarm button on [a] key fob," since there is no reasonable expectation of

privacy in the identity of a vehicle. *United States v. Cowan*, --- F.3d ----, 2012 WL 967965, *5 (8th Cir. March 23, 2012). Accordingly,

IT IS ORDERED:

1. The defendant's objection (Filing No. 29) to the F&R of the magistrate judge is overruled.

2. The F&R of the magistrate judge (Filing No. 26 & Filing No. 28) is adopted.

3. The defendant's motion to suppress (Filing No. 13) is denied.

DATED this 20th day of April, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.